PEOPLE, PLAINTIFF AND APPELLEE, v. RIVERA, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Murder in the First Degree.

No. 1134.—Decided July 28, 1917.

MURDER — INFORMATION — AFFIDAVIT — OBJECTION. — In the absence of objection,
made in the lower court and not for the first time on appeal, an affidavit
by the prosecuting attorney to an information stating that it is based upon
the testimony of witnesses examined under oath and that he solemnly be-
lieves that there is just cause for presenting the same, is sufficient.

ID.—MALICE, PREMEDITATION AND DELIBERATION—MOTIVE OF CRIME.—There is no
obligation on the part of the Government to establish an adequate cause
or reason for the commission of a crime if it clearly appears that the homi-
cide was committed by the defendant with malice and after premeditation
and deliberation.

The facts are stated in the opinion.
Mr. Ignacio Carballeira for the appellant.
Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of murder in the first degree
upon an information charging the facts as follows:

"The said Juan Rivera Quiñones, prior to the filing of this in-
formation, that is, about September 20, 1915, in Vega Alta, within
the Judicial District of San Juan, P. R., unlawfully, wilfully, mali-
ciously, treacherously, with malice aforethought and preconceived and
decided purpose of causing the death of Juan Seijo Morales, as-
saulted and wounded him with a razor, inflicting upon him several
wounds, one of them in the right lateral and frontal part of the
neck, cutting through the larynx, which wound caused his death
in a few days."

The brief contains no specific assignment of errors, but
maintains that the evidence does not show the malice, pre-
meditation and deliberation necessary to support the judg-
ment.

It is also suggested that the information is defective in
that it does not comply with the provisions of section 3 of
the Code of Criminal Procedure requiring a statement in

the verification to the effect that the information is based
upon the testimony of witnesses sworn before the *fiscal,* or
upon the testimony of witnesses taken before an examining
magistrate, and that the *fiscal* solemnly believes that there
is just cause for filing the information. In the instant case
the *fiscal* does state in his affidavit that the information is
based upon the testimony of witnesses examined under oath
and that he solemnly believes there is just cause for filing
the same. In the absence of any objection made in the court
below, this was enough, and the suggestion now made for
the first time on appeal comes too late. *People* v. *Rodríguez,*
12 P. R. R. 176; *People* v. *París, ante,* p. 103.

Although no exceptions were taken to the instructions
given the jury by the trial judge, we have examined the
charge and find it not only free from serious objection but
exceptionally clear, well balanced and impartial, both in sum-
ming up the testimony and in explaining the principles of
law by which the jury was to be guided in its deliberations.

Juan Seijo Morales, in addition to other means of sub-
sistence, kept a cheap lodging house. Defendant appeared
one afternoon and paid him a certain small sum of money,
either in settlement of an old account according to one witness
or in advance for a night's lodging according to other tes-
timony. It seems that the rental of a cot for the night
amounted to ten cents. About midnight Seijo Morales re-
ceived wounds which subsequently proved fatal. Defendant,
when arrested, barefoot, a few hours later in a neighboring
town, confessed the homicide, explaining that during the night
he had been attacked by four men; that drawing a razor
which he carried and defending himself as best he could,
backing away from his aggressors meanwhile, he was driven
into the bed-room of Seijo Morales, and there, still slashing
right and left in self-defense, the wounds were inflicted with-
out any intention of causing the death of Seijo Morales. On
the bed occupied by Seijo Morales was a pillow soaked with
blood, covering a bloody pocketbook with money in it. A

quilt, blood-stained near one end, and a sheet, were upon the floor beside the bed. The most serious wound was one beginning at the Adam's apple, penetrating the larynx, severing certain blood vessels of the neck and ending over the mastoid process; such a wound as might have been inflicted upon a prostrate victim by a left-handed man, striking from behind. The defendant is left-handed. A shoe belonging to him lay near a disheveled bed in a room adjoining and communicating with the one that contained the blood-stained bedclothing; its mate was picked up in the street; the razor, also stained with blood, was found in one or the other of these two rooms, and defendant himself was seen a few minutes after the tragedy running away from the premises in his underclothes, carrying his outer garments and a closed umbrella in his hands. There is testimony to the effect that Seijo Morales was suffering from a cold, that during the evening defendant, a vendor of patent medicines, offered him a vial containing liquid for him to "smell" on retiring, saying it was good for a cold, and that the remedy so prescribed was used according to directions. Seijo Morales, before his death, stated that he was asleep when he received the first wound in his throat and that the others were inflicted as he got up and made his way to the door opening on the street. He was found outside the door, and there is evidence tending to show that the next morning a small jar or bottle containing chloroform was found in the gutter. If the jury believed the testimony as to these matters, and evidently it did, the circumstances justified the conclusion reached as to malice, premeditation and deliberation.

The motive is not plain, but that is not infrequent in such matters, and there is no obligation on the part of the Government to establish an adequate cause or reason for the commission of the crime if it clearly appears that the homicide was committed by the defendant with malice and after premeditation and deliberation. 1 Wharton's Criminal Law, § 419, p. 594; II Wharton's Cr. Ev. p. 1646, §§ 877 *et seq.*, 13 R. C. L. 746, § 51.; *People v. Durant,* 116 Cal. 207; *But-*

*ler* v. *State,* 134 S. W. 230; *House* v. *State,* 21 L. R. A. (N. S.) 840; *People* v. *Enright,* Ann. Cases, 1913, E. 318.

A full statement of all the testimony would serve no useful purpose. We have carefully examined the whole record and find that the verdict is amply sustained by the evidence.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.